AMALIA CALIMANO DÍAZ, demandante y recurrida, *v.* ENRIQUE RAFAEL CALIMANO MCCORMICK, demandado y recurrente.

*Número:* R-72-288      *Resuelto:* 16 de diciembre de 1974

*Hartzell, Ydrach, Mellado, Santiago, Pérez & Novas,* abogados del recurrente; *Ernesto Agostini Pascual* y *Fernando Rovira Calimano,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

La cuestión central que da lugar a este pleito es si el derecho de representación que el Art. 887 del Código Civil (31 L.P.R.A. sec. 2621) (¹) extiende a los parientes legítimos o naturales reconocidos de una persona en la sucesión intestada o legítima, se da también en la testada.

Fernando Calimano Díaz, que no tenía descendientes, otorgó testamento abierto en el año 1955 en el que instituyó por su única y universal heredera a su señora madre Doña Enriqueta y para el caso que ésta premuriera, instituyó como herederos sustitutos a dos únicos hermanos del testador llamados Amalia y Enrique "por partes iguales." La anciana madre falleció en el 1956, y Enrique, uno de los herederos voluntarios sustitutos, murió en el año 1963. Al año siguiente de 1964, murió también el testador. La cuestión a decidir es si los cuatro hijos de Enrique heredan la porción que hubiera correspondido a su padre de haber éste sobrevivido al testador. Esta situación está regulada por el Art. 695 del Código Civil (31 L.P.R.A. sec. 2284) al disponer que el heredero voluntario que muera antes que el testador no transmite ningún derecho a sus herederos. Enrique murió un año

---

(¹) Art. 887—"Llámase derecho de representación el que tienen los parientes legítimos o naturales legalmente reconocidos de una persona para sucederle en todos los derechos que tendría si viviera o hubiera podido heredar."

antes que su hermano el testador, y no siendo su heredero forzoso sino voluntario, nada pudo transmitir a sus cuatro hijos a menos que se le extendiera el derecho de representación. La dificultad estriba en que este derecho no se da en la sucesión testada; es precepto exclusivo de la legítima.

En nuestro sistema sucesorio, ha dicho Castán, la representación pertenece al dominio exclusivo de la sucesión *ab intestato*. Así se deriva del articulado del Código que establece un paralelo entre la sustitución (Art. 703) [2] y la *representación* (Art. 887, *ante*), propia la primera de la sucesión testada, y la segunda, de la intestada. Y citando de Royo Martínez expone: " ' . . . la llamada representación es una sustitución vulgar establecida por la ley . . . . Como en la sustitución vulgar, el sustituto nada recibe del instituido que no llegó a heredar, ni por mediación, representativa o transmisiva, de tal frustrado instituido; el sustituto sucede directamente al *de cuius*, y precisamente porque aquel a quien sustituye no heredó'; precisamente por esto parece que no es necesario el derecho de representación en la sucesión testada. Por eso, con un sentido equivalente, pero al revés, Roca Sastre dice que 'la sustitución vulgar cumple en la sucesión testada el mismo cometido del derecho de representación en la sucesión intestada frente al supuesto de premoriencia de uno de los hijos del causante', lo que le lleva a la conclusión de que 'no sólo es inadecuado en la sucesión testamentaria, sino innecesario, pues su cometido lo suple con ventaja la sustitución vulgar, de modo que no hay que suponer que ésta ha sido olvidada en un testamento notarial, y aunque así fuera, el caso tendría remedio gracias a la

---

[2] Art. 703 (31 L.P.R.A. sec. 2301) *Substitución Simple*

"Puede el testador substituir una o más personas al heredero o herederos instituidos para el caso en que mueran antes que él, o no quieran, o no puedan aceptar la herencia.

"La substitución simple, y sin expresión de casos, comprende los tres expresados en el párrafo anterior, a menos que el testador haya dispuesto lo contrario."

preterición que la omisión de la estirpe provocaría.' " Castán Tobeñas, *Derecho Civil Español, Común y Foral,* Tomo Sexto, Vol. Tercero, págs. 110-111, Séptima ed. (1971).

En la sucesión testada donde prevalece soberana la voluntad del testador, éste tiene el recurso de substitución que usó Calimano Díaz para llamar a la herencia a sus hermanos si faltare su señora madre, y que se abstuvo de usar para llamar a sus sobrinos en defecto de su hermano. Se percibe una voluntad presunta del testador que no llamó la estirpe en lugar de su ascendiente. Sobre este extremo se ha expresado el Tribunal Supremo de España en su sentencia de 6 de diciembre de 1952 al declarar que " 'el tema de si el derecho de representación debe ser o no institución común a las dos formas de sucesión, es erróneo, a nuestro juicio. El efecto práctico del derecho de representación puede admitirse en la sucesión testamentaria como lo consienta la interpretación de la voluntad del testador.' Sólo a falta de tal voluntad entran en juego los llamamientos legales. Interferir un llamamiento legal en la sucesión testamentaria es un contrasentido que la ley no autoriza." Castán, *ibid.,* pág. 111.

■ En un criterio de inescapable aplicación a la situación de hechos que este recurso plantea, sostiene Manresa que "ante este suceso (premoriencia del padre, hermano del testador) el sobrino sólo podría heredar en virtud del llamamiento hecho a su favor en el testamento como descendiente de su heredero voluntario, según el Art. 766 [Art. 695 P.R.] del Código." Manresa, *Comentarios al Código Civil Español,* Tomo 6, Vol. 1, pág. 167, Octava ed. (1973).

Si bien hay una manifiesta tendencia a introducir el derecho de representación en la sucesión testada para favorecer los herederos legítimos o forzosos, mas no a los voluntarios, se trata de una proposición doctrinal que se detiene frente al precepto de derecho positivo enmarcado en

el Art. 695 del Código Civil(³) al efecto de que el heredero voluntario que muera antes que el testador no transmite derecho a sus herederos, por considerarse voluntario al instituido en testamento aun cuando también tenga la cualidad de heredero forzoso. Sentencia del Tribunal Supremo de España de 6 de diciembre de 1952, según transcrita en Manresa, *opus cit.*, págs. 167 y ss.

La porción de herencia que no pudo recibir el hermano premuerto Enrique acrece a la heredera testamentaria su hermana Amalia, pues habiéndolos instituido el testador *por partes iguales*, así lo determinan los Arts. 937, 938 y 939 del Código Civil (31 L.P.R.A. secs. 2752–2754).

*La sentencia revisada ha de ser confirmada.*

---

(³) Sólo por legislación podría alterarse este estado de derecho, como se hizo en España que en atención a especiales circunstancias del derecho de emergencia originado por la guerra civil, por Ley de 5 de noviembre de 1940 se extendió, por excepción transitoria, el derecho de representación a los hijos y nietos de todo heredero testamentario, voluntario o legítimo. Castán, *opus cit.*, pág. 109, escolio 1; Manresa, *opus cit.*, pág. 169.