ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| RAÚL ENRIQUE PÉREZ TORRES, en su plano persona y en su capacidad como Albacea de la SUCESIÓN DORIS ISABEL PÉRES RUIZ<br><br>Parte Recurrida<br><br>v.<br><br>DORIS PÉREZ TORRES; HÉCTOR PÉREZ TORRES; CARMEN DELIA PÉREZ MARTÍNEZ; MARÍA JOSEFA PÉREZ MARTÍNEZ; LUIS ALBERTO PÉREZ MARTÍNEZ; **JOHN CHARLES SKINNER PÉREZ**; ROBERT SKINNER PÉREZ; **MARÍA SKINNER PÉREZ**; **MATILDE SKINNER PÉREZ**; **TERESA SKINNER PÉREZ**; **JAMES SKINNER PÉREZ**; **DOMINGO PÉREZ MUÑIZ**; **LOURDES PÉREZ MUÑIZ**<br><br>Parte Peticionaria | TA2026AP00316 | *Apelación acogida como Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br><br>Caso Núm.: MZ2023CV00958<br><br><br>Sala: 306<br><br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de abril de 2026.

Compareció ante este Tribunal la parte peticionaria, el Sr. James Skinner Pérez, la Sra. María Skinner Pérez, la Sra. Teresa Skinner Pérez, la Sra. María Lourdes Pérez Muñiz, la Sra. Mathilde Skinner Pérez, el Sr. Domingo G. Pérez Muñiz y el Sr. John Charles Skinner Pérez (en adelante y en conjunto los "Peticionarios"), mediante un mal denominado recurso de apelación, acogido como *certiorari*, presentado el 26 de marzo de 2026. Nos solicitaron la revocación de la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, el

"TPI"), el 27 de febrero de 2026. A través del referido dictamen, el TPI declaró "No Ha Lugar" la "**Moción de Sentencia Sumaria**" presentada por el Sr. Raúl Pérez Ruiz.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* ante nos y *confirmamos* la *Resolución* recurrida.

**I.**

El presente caso tuvo su origen el 6 de junio de 2023, cuando el Sr. Raúl Enrique Pérez Torres, en su carácter personal y como albacea de la Sucesión de Doris Isabel Pérez Ruiz, presentó una "**Demanda**" en contra de la Sra. Doris Pérez Torres, el Sr. Héctor Pérez Torres, la Sra. Carmen Delia Pérez Martínez, la Sra. María Josefa Pérez Martínez, el Sr. Luis Alberto Pérez Martínez, el Sr. John Charles Skinner Pérez, el Sr. Robert Skinner Pérez, la Sra. María Skinner Pérez, la Sra. Matilde Skinner Pérez, el Sr. James Skinner Pérez, el Sr. Domingo Pérez Muñiz y la Sra. Lourdes Pérez Muñiz sobre sentencia declaratoria y partición de herencia.

Mediante la misma, alegó que la Sra. Doris Isabel Pérez Ruiz (en adelante, "causante") falleció el 26 de agosto de 2020, siendo residente de Mayagüez, Puerto Rico. Indicó que la causante otorgó un Testamento Abierto mediante la Escritura Núm. 15 de 8 de marzo de 1995 ante el notario público Jacobo Quiñones Santana. Señaló que, mediante dicho testamento, se designó al Sr. Raúl Enrique Pérez Torres como albacea, quien aceptó dicha designación conforme a la *Resolución* del caso sobre cartas testamentarias núm. MZ2021CV00357.

Manifestó que, al momento de otorgar el testamento, la causante no contaba con herederos forzosos, por lo que nombró como herederos universales a sus hermanos: (1) la Sra. Carmen Josefa Pérez Ruiz, (2) el Sr. Domingo Francisco Pérez Ruiz, (3) el Sr. Julio Raúl Pérez Ruiz, (4) la Sra. Patria Pérez Ruiz, (5) la Sra. Aurea Luz Pérez Ruiz, (6) el Sr. Tomás Enrique Pérez Ruiz y (7) el Sr. Juan Bautista Pérez Ruiz, este último representado por sus hijos la Sra. Carmen Delia Pérez Martínez, la Sra. María Josefa Pérez Martínez y el Sr. Luis Alberto Pérez Martínez. Añadió que la causante se encontraba casada con el Sr. Ángel de Barrios Román, a quien le asignó el usufructo viudal, aunque éste le premurió.

Indicó que el testamento dispuso la constitución de la Sucesión Doris Isabel Pérez Ruiz integrada por los herederos designados, así como un legado específico a favor del Sr. John Charles Skinner Pérez respecto a una participación en la residencia ubicada en el Núm. 61 de la Calle Eduardo Riera de Mayagüez, Puerto Rico. Expresó que, al momento del fallecimiento de la causante, no existían herederos forzosos y que tanto su cónyuge como todos sus hermanos habían fallecido previamente, sobreviviéndole únicamente sus sobrinos, el Sr. John Charles Skinner Pérez, la Sra. Carmen Delia Pérez Martínez, la Sra. María Josefa Pérez Martínez y el Sr. Luis Alberto Pérez Martínez.

Informó que los hermanos, la Sra. Carmen Josefa Pérez Ruiz, el Sr. Domingo Francisco Pérez Ruiz, el Sr. Julio Raúl Pérez Ruiz, la Sra. Patria Pérez Ruiz, la Sra. Aurea Luz Pérez Ruiz y el Sr. Tomás Enrique Pérez Ruiz fallecieron entre la fecha del otorgamiento del testamento y la fecha del fallecimiento de la causante, sin que el testamento dispusiera una cláusula de sustitución para tales circunstancias. Alegó que, salvo la Sra. Carmen Delia Pérez Martínez, la Sra. María Josefa Pérez Martínez y el Sr Luis Alberto Pérez Martínez y los demás demandados no fueron designados como herederos voluntarios, aunque alegan tener derechos hereditarios por ser descendientes de hermanos de la causante.

Así las cosas, y tras presentarse las correspondientes *Contestaciones a la Demanda*, el 29 de julio de 2025, el Sr. Raúl Enrique Pérez Torres, en su capacidad de albacea de la Sucesión Doris Isabel Pérez Ruiz, peticionó la resolución sumaria del caso. A través de su escrito, argumentó que no existía controversia material en cuanto a que: (1) la causante falleció el 26 de agosto de 2020, (2) que otorgó un testamento válido que no fue enmendado ni cancelado, (3) que no tenía herederos forzosos y (4) que los herederos voluntarios designados, con excepción de los sobrinos antes mencionados, fallecieron antes que ella.

Igualmente, señaló que la causante dejó un legado al Sr. John Charles Skinner Pérez sobre una participación en la referida propiedad en Mayagüez. Alegó que, como consecuencia de la premoriencia de los

hermanos designados, éstos no llegaron a adquirir derechos hereditarios en el caudal relicto.

En vista de lo anterior, le peticionó al Tribunal que dictara sentencia sumaria declarando como únicos herederos universales a la Sra. Carmen Delia Pérez Martínez, la Sra. María Josefa Pérez Martínez y el Sr. Luis Alberto Pérez Martínez, reconociendo el legado a favor del Sr. John Charles Skinner Pérez, así como el derecho del albacea, el Sr. Raúl Enrique Pérez Torres, a recibir el reembolso de $5,522.37.

En respuesta a lo anterior, el 9 de septiembre de 2025, el Sr. James Skinner Pérez, el Sr. Domingo G. Pérez Muñiz, la Sra. María Lourdes Pérez Muñiz, la Sra. María M. Skinner Pérez, la Sra. Mathilde Skinner Pérez y la Sra. Teresa Skinner Pérez presentaron su "**Moción Referente a Posición Parte Co-Demandada a Moción de Sentencia Sumaria Presentada por la Parte Demandante**" (en adelante, "Oposición") mediante la cual sostuvieron que existían controversias de hechos sustanciales que impedían la disposición sumaria del caso. En particular, señalaron que existía disputa respecto al alcance del derecho de representación en casos de herederos premuertos, la norma aplicable en testamentos que incluyen hermanos fallecidos y la interpretación del Código Civil de 2020, a la luz del ordenamiento jurídico vigente.

Posteriormente, el 15 de septiembre de 2025, el Sr. Raúl Enrique Pérez Torres presentó una "**Réplica**" mediante la cual reiteró su postura de que los descendientes de herederos premuertos que no fueron mencionados en el testamento no adquieren derechos hereditarios en ausencia de una cláusula de sustitución. Finalmente, el 27 de febrero de 2026, el foro de instancia declaró "No Ha Lugar" la "**Moción de Sentencia Sumaria**" presentada por el Sr. Raúl Enrique Pérez Torres.

Inconforme con lo anteriormente resuelto, los Peticionarios acudieron ante nos mediante el recurso de epígrafe, en el que señalaron la comisión de los siguientes errores:

1- Erró el tribunal al aplicar el caso de Calimano Díaz v. Calimano 103 D.P.R. 123 (1974) para resolver la petición de sentencia sumaria y dictar sentencia definitiva.

2- Erró el tribunal al determinar que los demandados carecen de todo derecho en la herencia de la que trata este caso.

El 29 de abril de 2026, el albacea presentó su "**Oposición a Petición de *Certiorari***".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A.

El propósito de las Reglas de Procedimiento Civil es proveerles a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". Batista v. Sucn. Batista *et al,* 216 DPR ___; 2025 TSPR 93. Así, la Regla 36 del mencionado cuerpo procesal atiende lo referente al mecanismo de sentencia sumaria. A la luz de sus disposiciones, se dictará sentencia si de "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente, y que como cuestión de derecho el tribunal debe dictar la sentencia sumaria a favor de la parte promovente". Regla 36.3 de Procedimiento Civil, 32 LPRA, Ap. V, R. 36.3; Negrón Castro y otros v. Soler Bernardini y otros, 216 DPR ____ (2025); 2025 TSPR 96.

En ese sentido, se considera un hecho material o esencial, "aquel que pueda afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". Oriental Bank v. Caballero García, 212 DPR 671, 679 (2023). Cabe señalar que el juzgador no está limitado a los hechos o documentos que se produzcan en la solicitud, sino que puede tomar en consideración todos los documentos que obren en el expediente del tribunal. S.L.G. Szendrey-Ramos v. Consejo Titulares, 184 DPR 133, 167 (2011).

Solamente se dictará sentencia sumaria en casos en los cuales el tribunal cuente con la verdad de todos los hechos necesarios para resolver

la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. Oriental Bank v. Caballero García, *supra*, pág. 678. Sin embargo, el tribunal no podrá dictar sentencia sumaria cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la Demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material; o (4) la moción no procede como cuestión de derecho. S.L.G. Szendrey-Ramos v. Consejo de Titulares, *supra*, pág. 168. Para prevalecer, el promovente de este recurso debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos materiales sobre la totalidad o parte de la reclamación. Oriental Bank v. Caballero García, *supra*, pág. 678.

Por su parte, la parte promovida por una moción de sentencia sumaria debe señalar y refutar los hechos materiales que entiende están en controversia y que son constitutivos de la causa de acción del demandante. Rosado Reyes v. Global Healthcare, 205 DPR 796, 808 (2020); Oriental Bank v. Perapi et al., 192 DPR 7, 25-26 (2014). Así, la parte que se opone a que se dicte sentencia sumaria en su contra debe controvertir la prueba presentada y no cruzarse de brazos. ELA v. Cole, 164 DPR 608, 626 (2005). No puede descansar en meras afirmaciones contenidas en sus alegaciones ni tomar una actitud pasiva, sino que está obligada a presentar contradeclaraciones juradas y/o contradocumentos que pongan en controversia los hechos presentados por el promovente. Oriental Bank v. Caballero García, *supra*, pág. 8; Roldán Flores v. M. Cuebas *et al.*, 199 DPR 664, 677 (2018).

Adicionalmente, en León Torres v. Rivera Lebrón, 204 DPR 20, 47 (2020), el Tribunal Supremo resolvió que ninguna de las partes en un pleito puede enmendar sus alegaciones a través de la presentación de una solicitud de sentencia sumaria o su oposición. Así que, según lo expresa el propio tribunal, "la parte que se opone a una solicitud de sentencia sumaria no puede traer en su oposición, de manera colateral, defensas o reclamaciones nuevas ajenas a los hechos consignados en sus

alegaciones, según consten en el expediente del tribunal al momento en que se sometió la moción dispositiva en cuestión". Íd., pág. 54.

Según las directrices pautadas por nuestro más alto foro, una vez se presenta la solicitud de sentencia sumaria y su oposición, el tribunal deberá: (1) analizar todos los documentos incluidos en ambas mociones y aquellos que obren en el expediente del tribunal; y (2) determinar si la parte opositora controvirtió algún hecho material o si hay alegaciones en la demanda que no han sido refutadas en forma alguna por los documentos. Abrams Rivera v. ELA, DTOP y otros, 178 DPR 914, 932 (2010).

Al examinar la procedencia de una moción que solicita disponer de un caso sumariamente, el tribunal no tiene que sopesar la evidencia y determinar la veracidad de la materia, sino que su función estriba en determinar la existencia o no de una controversia genuina, la cual amerite ser dilucidada en un juicio plenario. JADM v. Centro Comercial Plaza Carolina, 132 DPR 785, 802-803 (1983). Además de que "[t]oda inferencia razonable que se realice a base de los hechos y documentos presentados, en apoyo y en oposición a la solicitud de que se dicte sentencia sumariamente, debe tomarse desde el punto de vista más favorable al que se opone a ésta". ELA v. Cole, 164 DPR 608, 626 (2005).

En el caso de revisar la determinación del TPI respecto a una sentencia sumaria, este foro apelativo se encuentra en la misma posición que el foro de instancia para evaluar su procedencia. Rivera Matos *et al.* v. Triple-S *et al.*, 204 DPR 1010, 1025 (2020); Meléndez González *et al.* v. M. Cuebas, 193 DPR 100, 118 (2015). La revisión que realice el foro apelativo deberá ser *de novo* y estará limitada a solamente adjudicar los documentos presentados en el foro apelado. Vera v. Dr. Bravo, 161 DPR 308, 335 (2004). De modo que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. Íd. En adición a esta limitación, se ha aclarado que al foro apelativo le está vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia. Íd. págs. 334-335.

En <u>Meléndez González *et al.*</u> v. <u>M. Cuebas</u>, *supra*, nuestro más Alto Foro delimitó los pasos del proceso a seguir para la revisión de la sentencia sumaria por parte de este foro revisor, el cual consiste de: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles son incontrovertibles; (4) y, de encontrar que los hechos materiales realmente son incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. <u>Íd</u>., págs. 118-119.

Conviene desde ahora destacar que el Tribunal Supremo también ha expresado que es desaconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia. <u>Ramos Pérez v. Univisión de P.R</u>, 178 DPR 200, 2019 (2010); <u>Carpets & Rugs v. Tropical Reps</u>, 175 DPR 615, 638 (2009). No obstante, "cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge que no existe controversia en cuanto a los hechos materiales" nada impide que se utilice la sentencia sumaria en casos donde existen elementos subjetivos o de intención. <u>Ramos Pérez v. Univisión de P.R,</u> *supra*, pág. 219.

**B.[1]**

La sucesión constituye el mecanismo jurídico mediante el cual se transmiten los derechos y obligaciones del causante a sus herederos. 31 LPRA sec. 2081. En armonía con lo anterior, la sucesión puede ser de carácter testamentario, esto es, aquella que se defiere conforme a la voluntad expresada por el causante. 31 LPRA sec. 2087. A su vez, el

---

[1] Hacemos referencia al Código Civil de 1930, por tratarse de hechos acaecidos con anterioridad a la entrada en vigor del Código Civil vigente.

derogado Código Civil definía la herencia como el conjunto de bienes, derechos y obligaciones de una persona que no se extinguen con su muerte. 31 LPRA sec. 2090. En ese contexto, distingue entre las figuras del heredero y del legatario, estableciendo que el primero sucede a título universal, mientras que el segundo lo hace a título particular. Íd.

En lo concerniente al testamento, este se configura como el acto mediante el cual una persona dispone para después de su muerte de la totalidad o de parte de sus bienes. 31 LPRA sec. 2121. Asimismo, el ordenamiento jurídico reconoce la facultad del testador de disponer de sus bienes tanto a título de herencia como de legado. 31 LPRA sec. 2122. Cabe señalar que, en ausencia de herederos forzosos, el causante ostenta plena libertad para disponer de la totalidad de su patrimonio a favor de cualquier persona con capacidad para adquirirlo. 31 LPRA sec. 2281. Asimismo, el Código Civil reconoce la figura de la sustitución hereditaria, mediante la cual el testador puede designar a una o más personas en sustitución del heredero o herederos instituidos para el caso de que estos fallezcan antes que él o no quieran o no puedan aceptar la herencia. A tales efectos, se dispone que la sustitución simple, aun sin expresión de casos, comprende las referidas circunstancias, salvo disposición en contrario por parte del testador. 31 LPRA sec. 2301.

En lo concerniente al derecho de representación, el Artículo 887 del Código Civil de 1930, dispone que los parientes legítimos legalmente reconocidos de una persona pueden sucederle en todos los derechos que esta habría tenido de haber vivido o de haber podido heredar. 31 LPRA sec. 2621. No obstante, la jurisprudencia ha sido enfática en precisar que dicha figura no tiene cabida en la sucesión testada, por cuanto su aplicación se circunscribe exclusivamente a la sucesión intestada o legítima. Calimano Díaz v. Calimano, 103 DPR 123, 125 (1974). Asimismo, nuestro más alto foro ha reconocido que, en el ámbito de la sucesión testamentaria, el testador cuenta con el mecanismo de la sustitución hereditaria contemplado en el Art. 703 del Código Civil, *supra*. Sin embargo, en ausencia de dicha sustitución, la premoriencia de un heredero voluntario

no transmite derecho alguno a sus descendientes, teniendo como efecto que la porción correspondiente acrezca a los demás herederos testamentarios. Calimano Díaz v. Calimano, *supra*, pág. 127.

**III.**

En el presente caso, los Peticionarios nos solicitaron la revocación de la *Resolución* del TPI mediante la cual se declaró "No Ha Lugar" la "**Moción de Sentencia Sumaria**" interpuesta por el albacea testamentario de la Sucesión de la causante. **En esencia, arguyen que el caso de Calimano Díaz v. Calimano, *supra*, no debe seguir vigente porque dicha determinación del Tribunal Supremo viola sus derechos constitucionales propietarios**.

Los señalamientos de error esgrimidos se encuentran íntimamente relacionados, por lo que se abordarán de manera conjunta en la discusión. En esencia, los Peticionarios sostienen que el TPI erró al aplicar el caso de Calimano Díaz v. Calimano, *supra*, para resolver la "**Moción de Sentencia Sumaria**" y al determinar que carecen de todo derecho en la herencia.

Según adelantáramos, al momento de revisar una determinación del foro de instancia respecto a una solicitud de sentencia sumaria, estamos llamados a realizar una revisión de *novo* y limitarnos únicamente a adjudicar las controversias con los documentos que obran en el expediente ante el foro *a quo*. Del análisis de la prueba que se presentó ante el TPI, determinamos que sobre los siguientes hechos esenciales y pertinentes no existe controversia:

1. La causante falleció testada el 26 de agosto de 2020.

2. La causante otorgó escritura de testamento abierto, mediante la escritura número 15, otorgada en Mayagüez, Puerto Rico, el 8 de marzo de 1995, ante el Notario Público, Lic. Jacobo Quiñones Santana. Dicha escritura fue inscrita en el Registro de Testamento con el número 224-64 de fecha 31 de marzo de 1995.

3. A la fecha de la otorgación del testamento, la causante no tenía herederos forzosos.

4. La causante estaba casada con primeras y únicas nupcias con Ángel de Barrios Román.

5. La causante dispuso en su testamento de una participación equivalente a una tercera (1/3) parte sobre la propiedad ubicada en la calle Eduardo Riera número

sesenta y uno (61) de Mayagüez, Puerto Rico, a favor de sus hermanas Carmen Josefa Pérez Ruíz y Áurea Luz Pérez Ruíz, quienes residían en dicho inmueble, estableciendo que conservarían su uso y disfrute mientras vivieran. Asimismo, al fallecimiento de éstas, la referida participación sobre el solar y la estructura sería legada a su sobrino John Charles Skinner Pérez, quien, a partir de ese momento, adquiriría la titularidad de dicha tercera 1/3 parte.

6. El testamento abierto otorgado por la causante dispuso la institución, nombramiento y designación como únicos y universales herederos en el remanente de todos los bienes existentes a la fecha de su fallecimiento de sus hermanos Carmen Josefa Pérez Ruíz, Domingo Francisco Pérez Ruíz, Julio Raúl Pérez Ruíz, Patria Pérez Ruíz, Áurea Luz Pérez Ruíz y Tomás Enrique Pérez Ruíz, a razón de una séptima (1/7) parte para cada uno; asimismo, incluyó a sus sobrinos Carmen Delia Pérez Martínez, María Josefa Pérez Martínez y Luis Alberto Pérez Martínez, en representación de su hermano premuerto Juan Bautista Pérez Ruíz, en cuanto a una séptima (1/7) parte distribuida en partes iguales entre éstos; y reconoció a su viudo, Don Ángel de Barrios Román, la correspondiente cuota usufructuaria.

Establecido lo anterior, nos dirigimos a analizar los señalamientos de error esgrimidos. En resumidas cuentas, los Peticionarios sostienen que los herederos de todos los hermanos fallecidos de la causante tienen derecho a la herencia de la causante.

Conforme adelantáramos en los acápites anteriores, en nuestro ordenamiento jurídico procede dictar sentencia sumaria si conforme a la evidencia presentada, no existe controversia real y sustancial en cuanto a hechos esenciales y pertinentes del caso. 32 LPRA, Ap. V, R. 36.3. Un hecho material es aquel que tiene el potencial de impactar el resultado de la reclamación. Oriental Bank v. Caballero García, *supra*, pág. 679. Para ello, el Tribunal debe tener a su disposición todos los hechos necesarios para resolver la controversia. Íd., pág. 678. Esto es, un tribunal no puede disponer de un caso por la vía sumaria cuando existan hechos fundamentales controvertidos. SLG Szendrey-Ramos v. Consejo de Titulares, *supra*, pág. 168.

Tras analizar detenida y comprensivamente los documentos que obran en el expediente, incluyendo la "**Demanda**", la "**Moción de Sentencia Sumaria**", su correspondiente *Oposición* y la *Réplica*, hemos

arribado a la conclusión de que el TPI actuó correctamente al no dictar sentencia sumaria. Nos explicamos.

De entrada, es menester destacar que, conforme a nuestro ordenamiento jurídico, el derecho de representación reconocido en el Art. 887 del Código Civil, *supra*, se circunscribe exclusivamente al ámbito de la sucesión intestada, por lo que no resulta de aplicación en los casos de sucesión testamentaria. En este último escenario, el legislador ha provisto la figura de la sustitución hereditaria, contemplada en el Art. 703 del entonces vigente Código Civil, *supra*, como el mecanismo idóneo para atender la eventualidad de que un heredero instituido no llegue a suceder al causante.

A la luz de lo anterior, surge del expediente que, al momento de otorgar su testamento, la causante no contaba con herederos forzosos, por lo que dispuso libremente de sus bienes, instituyendo como únicos y universales herederos a sus hermanos y a determinados sobrinos en representación de un hermano premuerto. En otras palabras, del propio texto testamentario se desprende que la causante únicamente previó la sustitución respecto a los sobrinos Carmen Delia Pérez Martínez, María Josefa Pérez Martínez y Luis Alberto Pérez Martínez, en representación de su hermano Juan Bautista Pérez Ruíz.

En consecuencia, ante la ausencia de una cláusula de sustitución a favor de los demás sobrinos comparecientes: Roberto Skinner Pérez, María Skinner Pérez, Matilde Skinner Pérez, Teresa Skinner Pérez, James Skinner Pérez, Domingo Pérez Muñiz y Lourdes Pérez Muñiz, no procede reconocerles derecho sucesoral alguno bajo la figura de representación, toda vez que esta no opera en la sucesión testada. De igual forma, la premoriencia de los herederos voluntarios originalmente instituidos no transmite derecho a sus descendientes, produciéndose como efecto jurídico el acrecimiento de la porción correspondiente a favor de los herederos testamentarios sobrevivientes.

En suma, ante la controversia de derecho exclusiva que se nos trae ante nuestra consideración, concluimos que el TPI actuó correctamente al denegar la solicitud de sentencia sumaria que presentó el albacea

testamentario y determinar que se examinarían el restante de los trámites relativos a la herencia en un juicio plenario. No erró al concluir que los Peticionarios no tienen derecho sobre la herencia de la causante. El precedente sentado en Calimano Díaz v. Calimano, *supra*, aun permanece vigente y no ha sido revocado por el propio Tribunal Supremo de Puerto Rico. Así pues, en estricto derecho, la norma establecida allí es de aplicación al caso de autos, por tratarse de una causante que falleció antes de entrar en vigor el Código Civil actual. Art. 1816 del Código Civil, 31 LPRA sec. 11721.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte íntegra de la presente *Sentencia*, *expedimos* el auto de *certiorari* ante nos y *confirmamos* la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones